HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDNA LASSAIR,

    Plaintiff,

    v.

PETER O'ROURKE, SECRETARY DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.

CASE NO. C17-1638 RAJ

ORDER

This matter comes before the Court on Defendant Robert Wilkie, Acting Secretary, Department of Veterans Affairs' ("Defendant") Motion for Summary Judgment. Dkt. # 10. Plaintiff opposes, and Defendant has filed a Reply. Dkt. ## 13, 15. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. Dkt. # 10.

ORDER – 1

# I. BACKGROUND

The parties do not dispute the basic facts of this case.[1] Plaintiff is a former employee of the VA who began working in 2008 as a Rating Veterans Service Representative. Dkt. # 12 at p. 2, ¶ 3. Her position entailed reviewing veterans' medical and military records to make service connected disability decisions. *Id.*

In 2009, Plaintiff's work coach issued her a written counseling due to claimed unacceptable performance. Complaint (Dkt. #1-2) at ¶ 6. In April 2010, the VA placed Plaintiff on a Performance Improvement Plan ("PIP"). *Id.* at ¶ 12; *see also* Dkt. # 12-3 at 2. In May 2011, the VA issued Plaintiff a "Warning of Unacceptable Performance—Performance Improvement Plan," which rescinded the prior PIP and issued a new one. *Id.* After receiving the new PIP, Plaintiff contacted the EEOC in June 2011, alleging that the issuance of the PIP created a hostile work environment based on her race, age, and disability. *Id.* As a remedy, she sought to have the agency remove her from the PIP. *Id.*; *see also* Dkt. # 12-1.

In August 2011, the parties participated in a mediation and reached a settlement agreement. Dkt. # 12 at p. 2, ¶ 5. Plaintiff signed the agreement, and so did both her Representative and Chief Union Steward. *Id.*; Dkt. # 12-2. The settlement agreement stated that in exchange for certain undertakings by the VA, Plaintiff would "waive," among other rights, "all other civil or administrative proceedings of the Complaint or issues related to it in whatever forum," and also "release VA and all of its officers, agents, and employees from all claims that she has or may have against them arising out of the events and circumstances related to the Complaint." Dkt. # 12-2 at 2.

---

[1] A large portion of Plaintiff's Statement of Facts, though mirroring Defendant's in many respects, is a copy-pasted recitation of Plaintiff's allegations in her Complaint, and is not accompanied by any declaration or other verifying evidence. Dkt. # 13 at 1-5. The Court does not accept these unsupported facts on summary judgment; instead, it will accept Defendant's supported factual averments as uncontested, except for the evidence attached as exhibits to the Declaration of Harold Franklin (Dkt. # 14). Fed. R. Civ. P. 56(c)(1), (e).

ORDER – 2

Plaintiff filed a notice alleging breach of the settlement agreement in March 2012. Dkt. # 12 at p. 3, ¶ 7. In adjudicating the claimed breach, the Acting Chief, Policy and Compliance, of Office of Resolution Management ("ORM") found that the agency did not breach the settlement agreement. Dkt. # 14 at pp. 16-17, ¶¶ 5-6. However, ORM also found that the settlement agreement was not enforceable because it did not contain a waiver under the Older Workers Benefit Protection Act ("OWBPA"). *Id*. at p. 18, ¶ 9.

Plaintiff voluntarily resigned her position with the VA effective January 31, 2014. Dkt. # 12 at p. 3, ¶ 10. She has not worked for the VA since her resignation. *Id.*

The VA appealed the decision of the ORM to the EEOC. Dkt. # 12 at p. 3, ¶ 8. Later, in April 2017, the EEOC issued a Notice of Intent to Dismiss Plaintiff's discrimination claims based on the settlement agreement. Dkt. # 12-3. The EEOC explained that plaintiff never claimed that the settlement agreement was void; instead, she sought to have it enforced and claimed that the VA breached the agreement. *Id.* at p. 4. The EEOC found that the settlement agreement as a whole was not void. *Id.* at pp. 4-5. The EEOC also concluded that the ORM lacked authority to void the settlement agreement because plaintiff never appealed her claim to the EEOC's Office of Federal Operations ("OFO"), and because plaintiff requested that the EEOC enforce the agreement. *Id.* The EEOC afforded Plaintiff the choice between two remedies: "either (1) she can appeal the Agency's determination of no breach to OFO, which may overturn the Agency determination and order specific enforcement or (2) she can herself chose to void the settlement agreement and proceed with the processing of her EEO complaint." *Id.* at p. 5.

Subsequently, Plaintiff requested to void the settlement agreement and proceed with the processing of her EEO complaint. Dkt. # 12-4. The VA then submitted supplemental briefing arguing that under United States Supreme Court authority, a failure to include an OWBPA waiver did not void the entire settlement agreement. *Id*. On April

ORDER – 3

26, 2017, the EEOC held that the failure to include an OWBPA waiver voided only plaintiff's settlement of her claim under the ADEA, but did not void the settlement agreement as to her other discrimination claims. *Id.*

Following that decision, the VA also moved to dismiss plaintiff's ADEA claim. While that motion was pending, Plaintiff filed her lawsuit in state court; Defendant then removed the case to this Court. Dkt. #1. On March 23, 2018, Defendant filed this Motion for Summary Judgment; Plaintiff opposed, and Defendant filed a Reply. Dkt. ## 14, 15, 16.

## II.  LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also,*

ORDER – 4

*White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

## III. DISCUSSION

Defendant argues that the parties' settlement agreement bars all of Plaintiff's claims except for age discrimination. Dkt. # 10 at 5-9. Plaintiff does not dispute that the settlement agreement, on its terms, bars Plaintiff's non-age discrimination claims. Nor does Plaintiff rebut Defendant's evidence that the VA complied fully with the settlement agreement, or offer any evidence of its own that Defendant has failed to adhere to the terms of the settlement agreement.[2] Dkt. # 12 at pp. 2-3, ¶ 6; Dkt. # 12-3; Dkt. # 14. The ORM and EEOC both determined that that the VA did not breach the settlement agreement, and this Court gives deference to those findings, absent evidence to the contrary. *See, e.g., E.E.O.C. v. California Psychiatric Transitions, Inc.*, 725 F. Supp. 2d 1100, 1113 (E.D. Cal. 2010)("[C]ourts give deference to the EEOC administrative decisions"); *see also Erickson v. Bartell Drug Co.*, 141 F. Supp. 2d 1266 (W.D. Wash. 2001) (EEOC determination entitled to "some deference in employee's Title VII action raising same issue"). The record currently reflects no such contrary evidence.

In its Response, Plaintiff's only argument on this point is that the VA's ORM

---

[2] As Defendant observes, Plaintiff concedes that the two insistences of alleged post-settlement agreement conduct do not reflect any violation of the settlement agreement or discrimination, and do not create any additional liability for Defendant. Dkt. ## 10 at pp. 7-9, 15 at p. 10.

ORDER – 5

declared the settlement agreement void because it did not contain the requisite OWBPA language related to age discrimination claims. Dkt. # 13 at 7-8. However, Plaintiff ignores the fact that the EEOC later reached the opposite conclusion. Dkt. ## 12-3, 12-4. The EEOC was clear that the settlement agreement was valid and enforceable as to all of Plaintiff's non-age discrimination claims:

> Accordingly, for failure to comply with the OWBPA, the court finds that the Settlement Agreement in this instant case is void only with regard to the Complainant's age-based claims (i.e., she can proceed in this EEOC matter only with her age discrimination claims); the remainder of the Settlement Agreement is valid and enforceable, and bars her from proceeding with non-age based claims.

Dkt. # 12-4 at 3. The EEOC also found that the ORM "lacked authority to void the settlement agreement." Dkt. # 12-3 at 5. Plaintiff did not appeal these decisions, and the Court sees no reason to deviate from this sound reasoning here. Indeed, these rulings comport with the law according to the Ninth Circuit and the Supreme Court, both of which held that OWBPA deficiencies do not invalidate settlement agreements completely; they only invalidate the parts related to age discrimination claims. *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 428 (1998) (holding that OWBPA deficiencies permitting ADEA claims exist "irrespective of the validity of the contract as to other claims."); *Harmon v. Johnson & Johnson*, 549 F. App'x 687 (9th Cir. 2013) ("[T]he failure to comply with the OWBPA did not invalidate the release as to Harmon's state law claims because the OWBPA applies only to federal claims under the Age Discrimination in Employment Act"). The Court agrees with Defendant that it is bound to follow the precedent set by higher courts. Dkt. # 15 at 4.[3]

Because the Court concludes that the settlement agreement is valid and enforceable against all of Plaintiff's non-age discrimination claims, Plaintiff's claims in

---

[3] Plaintiff also concedes Defendant's argument, echoed by the EEOC, that Plaintiff "did not void the settlement agreement when she instead sought to enforce it and accepted the benefits of the agreement." Dkt. # 10 at 9.

ORDER – 6

this suit are largely barred. Moreover, as Defendants observe (and Plaintiff concedes), Plaintiff's ADA and Title I claims are not cognizable against the federal government because the ADA does not apply, and Title I "does not create a substantive right and is not a basis for an independent claim apart from Title VII." *Thompson v. N. Am. Terrazzo, Inc.*, No. C13-1007RAJ, 2014 WL 2048188, at *1 (W.D. Wash. May 19, 2014); Dkt. # 10 at 9-10.

Accordingly, as to Plaintiff's non-age discrimination claims, there is no genuine issue of material fact and summary judgment is appropriate. The only question remains is whether this Court must also dismiss Plaintiff's potential age discrimination claim. At the outset, the parties disagree on whether Plaintiff has asserted an age discrimination claim under ADEA at all. Defendant claims that Plaintiff failed to make any age discrimination claim in her Complaint because she did not cite the ADEA, the exclusive remedy for federal employees' age discrimination claims. Dkt. # 15 at 4. Plaintiff claims that the Complaint satisfies Rule 8 because she still alleged discrimination "due to her race, age, and disability." Dkt. # 13 at 6-7.

The Court recognizes that Plaintiff's Complaint, on this point, is inartfully pled at best, and appears to conflate age discrimination with statutes related to other types of discrimination. Plaintiff's Complaint does not cite the ADEA for her age discrimination claims. Dkt. # 1-2. However, Plaintiff's Complaint alleges multiple times that Defendant engaged in "age" discrimination, and had asserted ADEA claims in earlier proceedings. *Id.* at 7-8; Dkt. # 14 at 10-11, 18. Plaintiff apparently attempted to assert an age discrimination claim in her Complaint when she filed it in state court, but was technically unsuccessful in doing so because she did not cite the correct legal authority.

The Court may grant leave to amend freely when justice so desires. Fed. R. Civ. P. 15(a)(2). It is true that Plaintiff's Complaint, as it currently stands, does not properly assert an age discrimination claim under the ADEA. However, based on the current

ORDER – 7

record, the Court cannot conclude that Plaintiff's potential age discrimination claim, if amended, would be futile as a matter of law, as Plaintiff's age discrimination would not be barred by the settlement agreement. Accordingly, the Court will permit Plaintiff to file an amended pleading properly alleging age discrimination under ADEA, **so long as Plaintiff does so within fourteen (14) days of this Order**. If Plaintiff fails to make such a filing, or if this filing does not properly allege an age discrimination claim under the correct legal authority, this Court will dismiss the claim, and this case, with prejudice.

### IV.  CONCLUSION

For all the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Summary Judgment. Dkt. # 14. Plaintiff's non-age discrimination claims under are **DISMISSED WITH PREJUDICE**. Plaintiff's age discrimination claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended pleading asserting an age discrimination claim within fourteen (14) days of this Order; otherwise, the Court will dismiss the entire case with prejudice.

Dated this 28th day of August, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 8